UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW AARON ZAZUETA, <br><br> Defendants. | Criminal Case No. 08MJ0583-NLS <br><br> **FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq*.), this Court conducted a detention hearing on March 6, 2008, to determine whether Matthew Aaron Zazueta ("Defendant") should be held in custody pending trial, on the grounds that he is a flight risk. Assistant U.S. Attorney Sabrina L. Fève appeared on behalf of the United States. Attorney Lynn H. Ball appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant.

//

//

# I.

# FINDINGS OF FACT

**A.     Nature and Circumstances of the Offenses Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in Criminal Complaint No. 08MJ0583-NLS with the importation of approximately 9.45 kilograms of cocaine, a Schedule II Controlled Substance, and .30 kilogram of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

2. If convicted of this charge, Defendant faces a maximum sentence of life in prison pursuant to 21 U.S.C. § 960(b)(1)(B)(ii).

3. Because a maximum term of imprisonment of ten years or more for this offense is prescribed in 21 U.S.C. § 960(b)(1)(B)(ii), a presumption arises as set forth in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of Defendant.

**B.     Weight of the Evidence Against Defendants (18 U.S.C.§ 3142(g)(2))**

1. On February 27, 2008, Defendant entered the United States from Mexico through the San Ysidro, California Port of Entry as the driver, sole occupant, and registered owner of a white Nissan Maxima.

2. Customs and Border Protection officers had inspected this vehicle approximately one week earlier and discovered a non-factory compartment in the dashboard that was suspected of use in connection with alien smuggling. When Defendant presented himself for inspection at the San Ysidro Port of Entry on February 27, 2008, he was referred to secondary inspection based on suspicions of smuggling activity.

3. In secondary inspection, a narcotic detection dog gave a positive alert to the presence of narcotics in Defendant's vehicle. During inspection of the vehicle, officers discovered eight packages of cocaine and one package of methamphetamine in the dashboard.

The packages of cocaine weighed approximately 9.45 kilograms and the package of methamphetamine weighed approximately .30 kilogram.

      C.      **History and Characteristics of Defendants (18 U.S.C.§ 3142(g)(3))**

      1.      Defendant is a citizen of the United States.

      2.      Defendant lives in Spring Valley, CA.

      3.      Defendant works for LVI Environmental Services in San Diego, CA.

      4.      Defendant does not have any identifiable financial resources that would anchor him to this community.

      5.      Defendant's father, wife, and three year-old daughter reside in Mexico. His wife and child do not have authorization to reside in the United States. Defendant's mother resides in Spring Valley, CA.

      6.      Defendant grew up and attended high school in the San Diego, CA area.

      7.      Defendant admitted to arresting officers that he knew he was attempting to import cocaine into the United States and that he had previously successfully smuggled cocaine into the United States in exchange for financial gain. Prior to his arrest, Defendant conducted multiple test drives across the international border to prepare for his attempts to smuggle cocaine into the United States. Defendant has also been previously stopped by Customs and Border Protection in connection with human smuggling operations.

## II.

## REASONS FOR DETENTION

      A.      There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 08MJ0583-NLS, importation of approximately 9.45 kilograms of cocaine, a Schedule II Controlled Substance, and .30 kilogram of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

      B.     Defendant will be motivated to flee to Mexico based on the maximum term of imprisonment for this offense.

      C.     Defendant's ties to Mexico, particularly to his wife and small child, outweigh his ties to the United States, in general, or to the Southern District of California, such that his ties to the San Diego area would not anchor him to this community.

      D.     Defendant has not rebutted the presumption favoring detention.

      E.     The Court finds, by a preponderance of evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

### III.

### ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

DATED: March 14, 2008

                                        Hon. Nita L. Stormes
                                        U.S. Magistrate Judge